## DAUNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DANISH ARIF, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>AMERICAN UNIVERSITY,<br><br>          Defendant. | Civil Action No.:<br><br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Danish Arif ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant American University ("American" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

### NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1.      This is a class action lawsuit on behalf of all people who paid tuition and other fees for the Spring 2020 academic semester at American, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, without having their tuition and some other fees refunded to them.

2.      American is one of the country's most preeminent universities, with an enrollment of over 14,000 students.  The university offers more 160 formal programs, including 71 bachelor's degrees, 87 master's degrees, 10 doctoral degrees, as well as JD and LLM programs, among others.

3.      On March 10, 2020, American announced that effective March 18, 2020, all classes for the Spring 2020 semester would be moved to online format because of the global

COVID-12 pandemic through Friday April 3.  A March 12, 2020 announcement confirmed that online instruction would continue through the remainder of the Spring 2020 semester.

4.       American has not held any in-person classes since March 6, 2020.  Classes that have continued have only been offered in an online format, with no in-person instruction.

5.       As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Mr. Arif and the putative class contracted and paid for.  The online learning options being offered to American students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.  The remote learning options are in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.

6.       Nonetheless, American will not refund any tuition or mandatory fees for the Spring 2020 semester.

7.       Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

8.       Plaintiff seeks, for himself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees (or at minimum a portion thereof), proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiff seeks a return of these amounts on behalf of himself and the Class as defined below.

## PARTIES

9.      Plaintiff Danish Arif is a citizen of Florida who resides in Sunrise, Florida.  Mr.
Arif is an undergraduate student at American pursuing a bachelor's degree in economics and a
minor in finance.  The economics and finance coursework at American relies extensively on in-
person instruction, peer collaboration, and access to computer facilities.  None of these resources
are available to Mr. Arif while in-person classes are suspended.  Mr. Arif paid approximately
$8,994.50 in tuition and fees to Defendant for the Spring 2020 semester, including tuition for a
cross-fit class that he can no longer participate in.  Mr. Arif has not been provided a refund of
any tuition monies paid, despite the fact that in-person classes have not been held since March 6,
2020.

10.     Defendant American University is a private research university with its principal
place of business at 4400 Massachusetts Avenue NW, Washington, DC 20016-8060

## JURISDICTION AND VENUE

11.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A),
as modified by the Class Action Fairness Act of 2005, because at least one member of the Class,
as defined below, is a citizen of a different state than Defendant, there are more than 100
members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of
interest and costs.

12.     This Court has personal jurisdiction over Defendant because many of the acts and
transactions giving rise to this action occurred in this District, and because Defendant conducts
substantial business in this District and has sufficient minimum contacts with Florida.  Defendant
has solicited students residing in Florida to attend its institution; has accepted money, including
application fees, tuition, and other fees from students residing in Florida, has websites accessible

to students in Florida, has entered into contracts with Florida residents, and generally has minimum contacts in Florida sufficient to satisfy the Due Process Clauses of the Florida and United States Constitutions.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, and because Plaintiff is a resident of this District.  Specifically, the contract that is the subject of this action was formed in this District.

## FACTUAL ALLEGATIONS

### *Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020*

14.     Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at American.

15.     Spring Semester 2020 classes at American began on or about January 13, 2020. Classes and final exams for the semester are scheduled for end on or around May 5, 2020.

16.     Plaintiff and Class members paid the cost of tuition for the Spring Semester 2020. They also paid other mandatory fees associated with the Spring Semester 2020, including a Sports Center Fee ($65.00), Undergraduate Activity Fee ($88.50), Student Technology Fee ($120.00), Metro U-Pass ($160.00).

17.     Tuition costs at American for the Spring 2020 Semester are approximately $24,535 for an undergraduate degree, $28,342 for a law degree, and $1,759 per credit for graduate degree programs.

18.     Graduate and law students are also required to pay mandatory fees on a per semester basis, which include a Sports Center Fee, Activity Fee, Student Technology Fee, and Metro U-Pass Fee.  Other fees may also apply depending on program of study.

19.     The tuition and fees described in the paragraph above is provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

***In Response To COVID-19, American Closed Campuses And Cancelled All In-Person Classes***

20.     On March 10, 2020, American announced that because of the global COVID-19 pandemic, all in-person classes would be suspended effective March 18, 2020.  American also directed students to leave campus by March 23.  Online classes began March 18, 2020, after students returned from Spring Break which was held from March 8 through March 15, 2020.

21.     Since March 6, 2020, American has not held any in-person classes.  The closure of American's campuses has been extended through the end of Spring Semester 2020.  Classes that have continued have only been offered in an online format, with no in-person instruction. Even classes for students with concentrations in areas where in-person instruction is especially crucial (such as architecture, music, theatre, and the sciences) have only had access to minimum online education options.

22.     As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for.  Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

23.     Plaintiff and members of the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

24.     Defendant markets the American on-campus experience as a benefit of enrollment on American's website, which boasts providing over 250 different student clubs and organizations from within a campus that is "set in the heart of the nation's capital."

25.     The online learning options being offered to American students are subpar in practically every aspect and a shadow of what they once were, from the lack of facilities, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

26.     The tuition and fees for in-person instruction at American are higher than tuition and fees for American's online programs because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;
- Access to facilities such as libraries, laboratories, computer labs, and study room;
- Student governance and student unions;
- Extra-curricular activities, groups, intramural sports, etc.;
- Student art, cultures, and other activities;
- Social development and independence;
- Hands on learning and experimentation;
- Networking and mentorship opportunities.

27.     Through this lawsuit Plaintiff seeks, for himself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiff seeks return of these amounts on behalf of himself and the Class as defined below.

## CLASS ALLEGATIONS

28.     Plaintiff seeks to represent a class defined as all people who paid American

Spring Semester 2020 tuition and/or fees for in-person educational services that American failed

to provide, and whose tuition and fees have not been refunded (the "Class").  Specifically

excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents,

children, corporations, trusts, representatives, employees, principals, servants, partners, joint

ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other

persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or

directors, the judge assigned to this action, and any member of the judge's immediate family.

29.     Subject to additional information obtained through further investigation and

discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or

amended complaint.

30.     **Numerosity.**  The members of the Class are geographically dispersed throughout

the United States and are so numerous that individual joinder is impracticable.  Upon

information and belief, Plaintiff reasonably estimates that there are tens of thousands of members

in the Class.  Although the precise number of Class members is unknown to Plaintiff, the true

number of Class members is known by Defendant and may be determined through discovery.

Class members may be notified of the pendency of this action by mail and/or publication through

the distribution records of Defendant and third-party retailers and vendors.

31.     **Existence and predominance of common questions of law and fact.**  Common

questions of law and fact exist as to all members of the Class and predominate over any

questions affecting only individual Class members.  These common legal and factual questions

include, but are not limited to, the following:

(a)     whether Defendant accepted money from Class members in exchange for the promise to provide services;

(b)     whether Defendant has provided the services for which Class members contracted; and

(c)     whether Class members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide.

(d)     whether Defendant has unlawfully converted money from Plaintiff, the Class; and

(e)     whether Defendant is liable to Plaintiff, the Class, for unjust enrichment.

32.     **Typicality.**  Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendants that are unique to Plaintiff.

33.     **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

34.     **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for the Class or Subclass on an individual basis, to obtain effective redress for the wrongs committed

against them.  Furthermore, even if Class or Subclass members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

35.     In the alternative, the Class may also be certified because:

(a)     the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b)     the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)     Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

**COUNT I**
**Breach Of Contract**
**(On Behalf Of The Class)**

36.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

37.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

38.     Through the admission agreement and payment of tuition and fees, Plaintiff and each member of the Class entered into a binding contract with Defendant.

39.     As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above.  Plaintiff and Class members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

40.     Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above.  Defendant has retained monies paid by Plaintiff and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

41.     Plaintiff and members of the Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

42.     As a direct and proximate result of Defendant's breach, Plaintiff and the Class are

entitled to damages, to be decided by the trier of fact in this action, to include but no be limited

to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant

for services that Defendant has failed to deliver.  Defendant should return the pro-rated portion

of any Spring Semester 2020 tuition and fees (or at minimum a portion thereof) for education

services not provided since American shut down on March 10, 2020.

43.     Defendant's performance under the contract is not excused due to COVID-19.

Indeed, Defendant should have refunded the pro-rated portion of any education services not

provided.  Even if performance was excused or impossible, Defendant would nevertheless be

required to return the funds received for services it will not provide.

**COUNT II**
**Unjust Enrichment**
**(On Behalf Of The Class)**

44.     Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint.

45.     Plaintiff brings this claim individually and on behalf of the members of the Class

against Defendant.

46.     Plaintiff and members of the Class conferred a benefit on Defendant in the form

of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service

and promises.  Tuition for Spring Semester 2020 was intended to cover in-person educational

services from January through May 2020.  In exchange for tuition monies paid, Class members

were entitled to in-person educational services through the end of the Spring Semester.

47.     Defendant voluntarily accepted and retained this benefit by accepting payment.

48.     Defendant has retained this benefit, even though Defendant has failed to provide

the education, experience, and services for which the tuition and fees were collected, making

Defendant's retention unjust under the circumstances.  Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees (or at minimum a portion thereof) for education services not provided since American shut down on March 10, 2020.

49.     It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

**COUNT III**
**Conversion**
**(On Behalf Of The Class)**

50.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

51.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

52.     Plaintiff and members of the Class have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

53.     Defendant intentionally interfered with the rights of Plaintiff and the Class when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

54.     Plaintiff and members of the Class demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees (or at minimum a portion thereof) for education services not provided since American shut down on March 10, 2020.

55.     Defendant's retention of the fees paid by Plaintiff and members of the Class without providing the educational services for which they paid, deprived Plaintiff and Class members of the benefits for which the tuition and fees paid.

56.     This interference with the services for which Plaintiff and members of the Class paid damaged Plaintiff and Class members in that they paid tuition and fees for services that will not be provided.

57.     Plaintiff and Class members are entitled to the return of pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since American shut down on March 10, 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d)     For prejudgment interest on all amounts awarded;

(e)     For an order of restitution and all other forms of equitable monetary relief;

(f)     For injunctive relief as pleaded or as the Court may deem proper; and

(g)     For an order awarding Plaintiff and the Class his reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

/

/

Dated:  May 4, 2020                         Respectfully submitted,

                                            **BURSOR & FISHER, P.A.**

                                            By:     */s/ Sarah N. Westcot*
                                                        Sarah N. Westcot

                                            Scott A. Bursor (*pro hac vice* app. forthcoming)
                                            Sarah N. Westcot *(pro hac vice* app. forthcoming*)*
                                            2665 S. Bayshore Drive, Suite 220
                                            Miami, FL 33133
                                            Telephone: (305) 330-5512
                                            Facsimile: (305) 676-9006
                                            Email: scott@bursor.com
                                                        swestcot@bursor.com

                                            *Attorneys for Plaintiff*